CAROLINA FIGUEROA, Representing her minor daughter FRANCISCA FIGUEROA, Plaintiff and Appellant, v. RAMÓN SANTIAGO-FABRICIO ET AL., Defendants and Appellees.

No. 4662. Argued July 9, 1928.—Decided July 10, 1928.

*C. Iriarte* and *Ponsa Parés* for the appellant.   *E. Márquez Huertas* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

The judgment of the lower court in this case was rendered on April 19, 1928, and on the same day there was filed with the record the notice thereof made by the clerk of the court to the plaintiff who on the 19th of the following month delivered a notice of appeal from the judgment to the wife of the clerk in his home without the statutory internal revenue stamp for $5. The clerk filed the appeal on that date and on May 23 at his request the internal revenue stamp was delivered to him and canceled by him. For that reason the appellees move for dismissal of the appeal. The foregoing appears from a certificate and an affidavit of the clerk.

In opposition to that motion the appellant presents an affidavit of one of her attorneys, Ponsa Parés, stating that on May 19 he bought a $5 stamp in the internal revenue office of Bayamón; that in the afternoon of that day he sent the notice of appeal and the internal revenue stamp for $5 to the District Court of San Juan; that having found there no employee of the clerk's office, as it was Saturday, he called the clerk at his home by telephone at about five o'clock in the afternoon and was told to send the notice to his house and he did so at once together with the internal revenue stamp in an envelope by his chauffeur. The latter declared under oath that he delivered to the wife of the clerk an envelope containing the said notice and an internal revenue stamp for $5. The collector of internal revenue of Bayamón swore that on May 19, 1928, in the afternoon, he sold an internal revenue stamp for $5 to attorney Ponsa Parés.

Section 2 of Act No. 17 of 1915 regulating the collection

of fees and costs in civil cases in the district and municipal courts provides in its subdivision D that each notice of appeal from district courts to the Supreme Court shall have affixed thereto and canceled a $5 revenue stamp, and section 6 provides that each and every document or instrument required by that act to bear an internal revenue stamp or stamps shall be null and void and shall not be admitted as evidence in a trial unless such stamps be attached thereto. In conformity with that act we have held repeatedly that a notice of appeal which does not bear such a stamp is void and the fact that the stamp was affixed after the expiration of the time allowed in which to appeal does not revive the appeal. *Nazario* v. *Santos,* 27 P.R.R. 83; *Paz* v. *Bonet,* 31 P.R.R. 153; *Olivieri* v. *Aguilú,* 33 P.R.R. 612; *Delgado* v. *Cárdenas,* 34 P.R.R. 233.

In view of the foregoing the first question that presents itself is whether, independently of whether or not the internal revenue stamp was delivered on May 19, 1928, with the notice of appeal or on the 23rd of that month, the filing by the clerk of the notice of appeal on the 19th, the last day allowed for the appeal, gives legal value to that appeal without having affixed to it the said internal revenue stamp. We have to decide this point against the appellant because if that notice did not have the stamp affixed to it on May 19 its filing by the clerk without the stamp can not give legal value to what was meant by the law not to have any.

For the foregoing reasons we must decide whether the stamp was delivered on the 19th or on the 23rd of May. Although the affidavits are contradictory on this point, it seems that we should give preference to the statement of the clerk, not only because he has no interest in this matter, but also because his filing of the appeal without the stamp seems to show that he had no interest adverse to the plaintiff.

The appeal must be dismissed.